UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL SCHLIP,  :  | |
|           Plaintiff,  : | |
|  : | |
| v.   : | C.A. No. 16-421S |
|  : | |
| DEPARTMENT OF VETERANS  : | |
| AFFAIRS,   : | |
|           Defendant.  : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

On July 27, 2016, Plaintiff Joel Schlip filed *pro se* a complaint, along with a motion for leave to proceed *in forma pauperis* ("IFP"). The IFP motion has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A). Based on my review of the IFP application, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1); accordingly, his IFP motion will be granted if the case survives screening. However, the IFP motion also renders this case subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Based on my review of the operative pleading,[1] I find that the complaint should be dismissed based on the Court's lack of subject matter jurisdiction and for failure to state a claim. Accordingly, I recommend that the case be summarily dismissed without prejudice, unless Plaintiff is able to cure the deficits discussed below during a thirty-day opportunity to amend.

**I.     Facts**

Plaintiff's pleading asserts that he is a 30% disabled veteran who is entitled to medical care at Veterans Affairs ("VA") Medical Centers. He alleges that it took nine months for him to be seen by a primary care doctor (from May 2014 to February 2015), and that his "service

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

connected" knee injury has caused severe ankle sprains, yet he has received only physical therapy. In particular, no MRI has been ordered to ascertain whether he has torn ligaments. ECF No. 1 at 5. On his civil cover sheet, he added the allegation that an "orthopedic surgeon admitted it is likely knee injury being untreated would cause further damage ankles/hips." ECF No. 1-1 at 2. Because he has been repeatedly denied the opportunity to participate in vocational rehabilitation, he alleges that he has been forced "into student loans for college." ECF No. 1 at 5. As a remedy, Plaintiff seeks an order of the Court awarding him damages in the amount of the $400 filing fee[2] and part of the $15,000 he owes in student loans; he also asks that he be given a job "making sure veterans get the treatments they need." ECF No. 1 at 6. In the blank for the statement of the basis for this Court's jurisdiction, Plaintiff wrote: "medical treatment of veterans/other personal injury." ECF No. 1 at 4.

## II.     Law and Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case at any time if it determines that the pleading fails to state a claim or seeks monetary relief against a defendant who is immune from such relief. Similarly, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction and if it determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3); see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) (court must *sua sponte* dismiss action if it lacks subject matter jurisdiction); In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."). Plaintiff's complaint fails to meet these standards in two ways. First, he has not alleged that he

---

[2] It must be observed that, because I have already found that Plaintiff is eligible for IFP status, if he is able to file a complaint that survives screening, he will not be required to pay the filing fee.

properly exhausted his administrative remedies. Second, he has failed to name the proper defendant. Because of these deficits, the Court lacks subject matter jurisdiction and the complaint fails to state a claim. Accordingly, the case must be dismissed unless Plaintiff files an amended complaint that cures these defects.

    A.    <u>Presentation of Claim to VA</u>

In seeking damages[3] arising from the claim that employees of the VA provided him with inadequate health care resulting in injuries, Plaintiff is effectively asserting a tort claim against the United States. As a sovereign, the United States is immune from suit except to the extent that it has waived its sovereign immunity. For tort claims, Congress enacted the Federal Tort Claims Act ("FTCA"), which is a limited waiver of sovereign immunity. 28 U.S.C. § 2674. Because such tort claims are otherwise barred by sovereign immunity, FTCA provides the exclusive remedy for anyone seeking compensation for injuries caused by a federal employee's tortious acts committed within his or her scope of employment.[4] <u>Jewell v. U.S. Dep't of Veterans Affairs</u>, Civil No. 10-cv-466-SM, 2011 WL 223199, at *2 (D.N.H. Jan. 24, 2011).

Plaintiff's complaint fails to allege whether or not he complied with the FTCA requirement that a tort claim cannot be filed in court unless and until it has been filed with the "appropriate federal agency within two years of the accrual of the claim;" in addition, FTCA requires that lawsuits against the United States must be brought within six months after a denial

---

[3] Plaintiff's prayer for relief also includes his statement that he would like a job making sure veterans get the treatments they need. This certainly states a laudable goal for Plaintiff, but seems to be beyond the scope of the relief that this Court has the power to order. <u>See generally</u> <u>Veterans for Common Sense v. Shinseki</u>, 678 F.3d 1013, 1016 (9th Cir. 2012) (extensive discussion of power of court to order injunctive relief with respect to delays in provision of mental health care and the adjudication of service-connected disability compensation claims by the VA); <u>Menendez v. United States</u>, 67 F. Supp.2d 42, 45 (D.P.R. 1999) (outlining limited jurisdiction of federal court to review actions of the VA).

[4] If Plaintiff's claim is, instead, that he was denied treatment by the VA, his claim is governed by 38 U.S.C. § 511, which provides that decisions concerning the provision of benefits by the Secretary of Veterans Affairs are final and may not be reviewed by any court. <u>See</u> <u>Jones v. United States</u>, 727 F.3d 844, 847 (8th Cir. 2013) ("the district court does not have jurisdiction over a benefits claim once the Secretary decides under a law affecting benefits"). In that event, the claim should simply be dismissed.

or failure to act on the claim by the administrative agency. Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) (citing 28 U.S.C. §§ 2401(b), 2675); see McKart v. United States, 395 U.S. 185, 193 (1969) ("no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"). This prerequisite provides the government with sufficient notice to enable it to investigate the claim to determine if settlement is appropriate. Jewell, 2011 WL 223199, at *2 (citing Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997)). However, the administrative filing requirement is not optional: "[t]his is a matter of subject matter jurisdiction. A federal court has no jurisdiction to entertain a suit against the United States unless a claimant has presented, in writing, a claim stating a sum certain." Coska, 114 F.3d at 323 n.8.

Because Plaintiff has failed to allege whether he complied with this pre-suit requirement, his complaint must be dismissed. See Kenney v. Peake, 812 F. Supp. 2d 34, 37-38 (D. Mass. 2011) (plaintiff's tort claim must be dismissed because she produced no evidence that she previously filed an FTCA administrative complaint with appropriate federal agency prior to bringing lawsuit) (citing 28 U.S.C. § 2675(a)). Because it is entirely possible that Plaintiff has presented a timely and specific administrative claim for money damages to the VA and complied with the FTCA prerequisite to filing suit, I recommend that he be allowed thirty days to amend his pleading to add these allegations, including a copy of the administrative claim and the denial, if any. Jewel, 2011 WL 223199, at *3. If Plaintiff has not complied with the FTCA's administrative prerequisite or fails to amend his complaint to explain that he did, I recommend that his complaint be summarily dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim.

B.  Failure to Name the United States as Defendant

In an FTCA case, the named defendant must be the United States and only the United States. Roman, 224 F.3d at 27; see also Silvia v. United States, C.A. No. 15-349ML, 2016 WL 802040, at *2 (D.R.I. Feb. 11, 2016). If any other department or agency of the United States is named, the claim is barred by sovereign immunity. See Costa v. U.S. Dep't of Veterans' Affairs, 845 F.Supp. 64, 66 (D.R.I. 1994). Without a proper defendant, the Court lacks subject matter jurisdiction over the tort claims. Taite v. Shineski, Civil No. 08-cv-258-SM, 2010 WL 745160, at *16 (D.N.H. Mar. 1, 2010) (citing McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006)).

Because this case names only the Department of VA, it is subject to dismissal for lack of subject matter jurisdiction unless the United States is substituted as a defendant. Jewell, 2011 WL 223199, at *2. If Plaintiff files an amended complaint asserting a claim under FTCA, he must name the United States as the defendant.

## III. Conclusion

Based on the foregoing, I find that this case is subject to dismissal at screening based on this Court's lack of subject matter jurisdiction and the complaint's failure to state a claim. Accordingly, I recommend that this Court provide Plaintiff with thirty days from the adoption of this report and recommendation to file an amended complaint. Brown v. Rhode Island, 511 F. App'x 4, 5, 7 (1st Cir. 2013) (per curiam). If he fails to do so or if he files a new complaint that is still deficient, I recommend that the complaint (ECF No. 1) be summarily dismissed without prejudice and his Application to Proceed without Prepayment of Fees and Affidavit (ECF No. 2) be denied as moot.[5] See 28 U.S.C. § 1915(e)(2).

---

[5] If Plaintiff timely files an amended complaint that cures the deficits identified in this report and recommendation, this Court will grant his IFP motion.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 7, 2016